IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| RUSSELL GAITHER, | : |
| Plaintiff, | : |
| | : NO. 3:09-CV-127 (CDL) |
| VS. | : |
| JOE CHAPMAN, *et al.*, | : |
| | : Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : Before the U.S. Magistrate Judge |

## RECOMMENDATION

Plaintiff Russell Gaither filed the instant action alleging claims of retaliation and excessive force against Defendants Chapman, Thrasher, and Meeks. Doc. 1. In response, after waiving service of process (Doc.14) and filing an Answer (Doc.15), Defendants filed a Motion for Summary Judgment (Doc. 28). For the reasons set forth below, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**.

FACTUAL AND PROCEDURAL BACKGROUND

In view of the evidence, and taken in the light most favorable to Plaintiff, the facts of this case are as follows: In August, 2009, the time of the alleged conduct giving rise to this action, Plaintiff was incarcerated at the Walton County Jail. At that time, Defendant Joe Chapman was the Sheriff of Walton County, Georgia and Defendants Dean Thrasher and Shane Meeks were his employees. During his incarceration at the Walton County Jail, Plaintiff's inmate classification required him to be confined in a two man room for twenty-three hours each day. In the remaining hour (rec call), Plaintiff was allowed out of his cell to shower, watch television, and use the telephone. On August 20, 2009, during Plaintiff's rec call, he decided to shower. When he entered the shower area, Plaintiff encountered four or five other inmates. After waiting for all of these other inmates to finish and leave, Plaintiff entered the shower and began to bathe himself and wash his

clothing. Soon afterwards, Defendant Meeks came to the entrance of the room and instructed Plaintiff to get out of the shower. Plaintiff responded by telling Defendant Meeks to give him ten or fifteen additional minutes. Over the next several minutes, Defendant Meeks directed Plaintiff to get out of the shower at two more times. Rather than complying with Defendant Meeks' instructions, Plaintiff continued to wash and rinse his body and clothing. In response to Plaintiff's repeated refusal to comply, Defendant Meeks deployed his taser. Plaintiff, apparently unaffected by the shock of the taser, reacted by grabbing and then pulling out the taser's wires. Defendant Meeks then reloaded his taser and, approximately eleven seconds later, deployed it a second time. This second deployment was sufficient to subdue Plaintiff until other officers arrived to assist Defendant Meeks in handcuffing Plaintiff. At that point, Plaintiff was taken to the jail's medical unit for evaluation. After the evaluation, Plaintiff was returned to his cell without further attention. In the days that followed, Plaintiff's attempts to discuss the incident as well his concerns about Defendant Meeks with Defendants Thrasher and Chapman were unsuccessful. Based on the above, Plaintiff filed the instant action alleging retaliation and excessive force. In his request for relief, Plaintiff asked that all Defendants be fired and that he be paid for his pain and suffering.

## DISCUSSION

As an initial matter, this Court lacks the authority to grant Plaintiff's request for equitable relief in the form of an order terminating the Defendants from their employment. Newman v. Alabama, 559 F.2d 283, 288 (5th Cir. 1977).[1] Accordingly, this request must fail.

Plaintiff's allegations in support of his request for monetary relief are also unavailing. Pursuant to the provisions of the Prison Litigation Reform Act (PLRA), "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981.

emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e.  In this Circuit, this provision has been interpreted to mean that, in the absence of physical injury, a prisoner's claims seeking compensatory or punitive damages are precluded.  See <u>Al-Amin v. Smith</u>, 637 F.3d 1192 (11th Cir. 2011).  In accordance with this interpretation, and in view of the fact that there is no evidence in the record of this case demonstrating that Plaintiff suffered any physical injury as a result of the Defendants' allegedly unlawful conduct, his claims for monetary relief also fail.

In view of the above, and in light of the fact that Plaintiff has failed to demonstrate the existence of any genuine issue of material fact, **IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 1st day of September, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge